UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| RUBEN ORNELAS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:23-cv-02370 |
| | ) |
| v. | ) |
| | ) |
| CHEX SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**CHEX SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Chex Systems, Inc. ("Chex"), by and through its undersigned counsel, and hereby moves this Court for an order pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a) dismissing the Complaint of Plaintiff Ruben Ornelas ("Plaintiff") with prejudice, and in so moving, Chex states as follows:

**INTRODUCTION**

This matter arises out of an alleged altered check dated April 7, 2015 issued by Plaintiff's car insurance carrier, Allstate, in the amount of $747.68 (the "Check"), which Plaintiff deposited in his Bank of America, N.A. ("BANA") account on or about September 14, 2018. (ECF 1-1 at pp. 8, 12-15.) On or about October 5, 2018, BANA closed his account for "suspected fraud activity" because BANA determined the Check was altered, which Plaintiff disputes. (ECF 1-1, at pp. 6, 13-15.) BANA then reported the "suspected fraud activity" and altered Check to Chex in 2018. (ECF 1-1, at p. 6.) Now, almost five years later, Plaintiff brought this action, asserting no specific claims or causes of action against Chex, but merely alleging that Chex failed to

1

"thoroughly investigate what was being provided to [it by BANA] to determine whether or not the information was in fact accurate before displaying it." (ECF 1-1 at p. 6.)

These conclusions and sparse facts are insufficient to state a claim for relief against Chex. Indeed, Plaintiff fails to assert any specific causes of action or identify what legal theory his complaint is based on, and instead just throws out legal buzzwords like "FCRA," "negligence," and "negligent infliction of emotional distress". As a result, Chex is forced to guess at what specific claims he is attempting to bring. To the extent that Plaintiff is asserting common law state claims – such as negligence – those claims are preempted by Fair Credit Reporting Act ("FCRA") because Chex' conduct as a consumer reporting agency is governed by the FCRA. Additionally, to the extent that he is asserting a claim for violation of the FCRA, such claim is time-barred and fails as a matter of law. Accordingly, Plaintiff's Complaint must be dismissed with prejudice.

## LEGAL STANDARD

"The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint." *Smith v. Edwards*, No. 97-C-6167, 1999 WL 199608, at *2 (N.D. Ill. Mar. 31, 1999). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). The court may consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

**ARGUMENT**

I. **PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS OF FEDERAL RULES 8(a) AND 12(b)(6).**

In order to survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Federal Rules require Plaintiff to include allegations in the Complaint that "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citations omitted); *see also Iqbal*, 556 U.S. at 678-79. Here, Plaintiff fails to identify any causes of action or legal theory to support any wrongdoing by Chex or entitlement to damages. The Complaint fails to identify specific factual matter that would support a claim and, thus, Chex is left to guess what claims Plaintiff may be asserting.

Under *Twombly* and *Iqbal*, a plaintiff must plead facts to support a reasonable inference that there has been some wrongdoing. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Simply concluding that the "Defendant" has harmed the Plaintiff, as Plaintiff asserts here, fails to meet minimum pleading standards. *Id.* Accordingly, Plaintiff has failed to place Chex on reasonable notice of the substance of the dispute, the allegations made against it, or the relief sought for the alleged wrongdoing. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. For these reasons, the Complaint should be dismissed with prejudice.

II. **TO THE EXTENT THAT PLAINTIFF IS ASSERTING COMMON LAW CLAIMS, SUCH CLAIMS ARE PREEMPTED BY THE FCRA.**

Plaintiff does not delineate the precise claims alleged against Chex in the Complaint, but he does throw out legal buzzwords including "negligence" and "negligent infliction of emotional distress." (*See* ECF 1-1, pp. 6-7.) To the extent that Plaintiff is in fact asserting state law tort

3

claims, such claims are preempted by the FCRA, and must be dismissed with prejudice.

The FCRA preempts various state law causes of action brought against consumer reporting agencies, like Chex, including claims for negligence. *See* 15 U.S.C. § 1681h(e) ("***no consumer may bring any action or proceeding in the nature*** of defamation, invasion of privacy, or ***negligence with respect to the reporting of information against any consumer reporting agency*** . . . ." (emphasis added)); see *also Purcell v. Bank of Am., N.A.,* 659 F. 3d 622, 624-25 (7th Cir. 2022) (holding that the FCRA preempted state law claims for defamation, invasion of privacy, and negligence); *Aleshire v. Harris, N.A.,* 586 Fed. Appx. 668, 670-71 (7th Cir. 2013) (holding that the FCRA preempted claims for negligent misrepresentation, defamation, and negligent infliction of emotional distress). The only exception to this preemption is where the consumer shows that information was reported with "malice or willful intent to injury." 15 U.S.C. § 1681h(e).

Here, to the extent that Plaintiff is asserting tort claims against Chex, those claims are preempted by the FCRA. Further, Plaintiff has not alleged any facts to support that any of Chex' reporting was done willfully or maliciously to qualify for the limited exception to preemption. Accordingly, this Court should dismiss any purported state law claims.

### III. PLAINTIFF'S PURPORTED FCRA CLAIM IS TIME-BARRED.

To the extent that Plaintiff is asserting a claim for violation of the FCRA, such claim is time-barred. Pursuant to Section 1681p of the FCRA, an FCRA claim must be filed "within two years from the date on which liability arises, except that where a defendant has materially and willfully misrepresented any information . . . the action may be brought at any time within two years after discovery . . . ." 15 U.S.C. § 1681p. Claims brought after the two-year period must be

4

dismissed as untimely. *See, e.g., Rylewicz v. Beaton Services, Ltd.,* 888 F. 2d 1175, 1181 (7th Cir. 1989).

Here, even assuming that the discovery rule applies, which it does not as there are no allegations that Chex acted willfully or maliciously, Plaintiff's FCRA claim is still time-barred. Plaintiff filed the Complaint on March 2, 2023 – almost eight years after the Check was issued and almost five years after he deposited the Check. He also alleges that the account was closed and the Check reported to Chex in 2018 – again almost five years before he filed the Complaint. He further admits that he has been dealing with the ramifications of the reporting "for nearly five (5) years now . . . ." (ECF 1-1 at p. 6.) Accordingly, Plaintiff's own allegations show that he has known of the alleged reporting for almost five years – well over the two-year statute of limitations period. Therefore, any purported FCRA claim against Chex is time-barred and must be dismissed with prejudice.

## IV. PLAINTIFF'S FCRA CLAIM FAILS AS A MATTER OF LAW.

Plaintiff contends that Chex "had an obligation to thoroughly investigate what was being provided to them to determine whether or not that information was in fact accurate before displaying it." Plaintiff then concludes BANA's reporting was wrong and attaches correspondence from Chex advising Plaintiff what BANA reported, that Chex reinvestigated the reporting with BANA, and BANA confirmed the reporting was accurate. (ECF 1-1, pp. 13-15.) These conclusions and attachments, however, are insufficient to assert a claim for violation of the FCRA by Chex as a matter of law.

### A. Plaintiff Fails to Allege that Chex Reported Inaccurate Information.

To assert a viable FCRA claim against Chex, Plaintiff must "show that a consumer reporting agency prepared a report containing 'inaccurate' information." *Denan v. Trans Union,*

5

*LLC*, 959 F.3d 290, 294 (7th Cir. 2020) (citing *Walton v. BMO Harris Bank N.A.*, 761 F. App'x 589, 591 (7th Cir. 2019) (holding a consumer reporting agency "cannot be liable as a threshold matter [under § 1681e(b)] if it did not report inaccurate information")); *see also Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004) ("[T]o state a claim under [§ 1681e(b)], a consumer must sufficiently allege that a credit reporting agency prepared a report containing inaccurate information."). It is well settled that the FCRA is not a strict liability statute. *Sarver*, 390 F.3d at 971; *Henson v. CSC Credit Servs.*, 29 F.3d 280 (7th Cir. 1994). To maintain his claim, Plaintiff must identify "factually inaccurate information, as consumer reporting agencies are neither qualified nor obligated to resolve legal issues." *Denan*, 959 F.3d at 296.

Here, the correspondence from Chex provides that the account was reported as "suspected fraud activity; report is disputed by consumer(s), and verified accurate by FI, any amounts owed have been paid." (ECF 1-1, pp. 13-15.) The correspondence further notes that the account was closed on October 5, 2018 and "settled in full." *Id.* None of this information is disputed by Plaintiff. Plaintiff contends that the Check was not altered, but, Plaintiff does not dispute that the account was closed, that he is disputing the reporting, or that BANA verified the reporting. To the extent that Plaintiff alleges that his account was *not* closed for cause because BANA breached its terms of service in finding the Check was altered or that BANA failed to investigate, those are legal inaccuracies amounting "to non- adjudicated legal defenses." *Denan*, 959 F.3d at 295. Whether or not BANA had cause to close Plaintiff's account requires a legal determination, as evidenced by Plaintiff's separate lawsuit filed against BANA. *See Ornelas v. Bank of Am., N.A.*, No. 22-cv-06378 (N.D. Ill.). The wrongdoing at issue is "outside the competency of a consumer reporting agency." *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 568 (7th Cir. 2021). Chex cannot be liable under §1681e(b) if it did not report inaccurate information. *Denan*, 959 F.3d

6

at 297. Accordingly, Plaintiff has not shown he is entitled to relief, and his Complaint should be dismissed for failure to state a claim under Rule 12(b)(6).

### B. Plaintiff Fails to Allege that Chex Reported the Information to a Third Party.

Even assuming that Chex reported inaccurate information, which it did not, Plaintiff's FCRA claim still fails because Plaintiff failed to allege that Chex reported the information to a third-party. Plaintiff must "make plausible allegations that the inaccurate credit information was communicated to a third party." *Handrock v. Ocwen Loan Servicing, LLC*, 216 F. Supp. 3d 869, 875 (N.D. Ill. 2016). Here, the correspondence from Chex is addressed to Plaintiff – not to any third parties, nor does Plaintiff allege that Chex provided the information to any third parties or otherwise even created a consumer report. Accordingly, Plaintiff's FCRA claim must be dismissed. *See, e.g., Wantz v. Experian Info. Sols.*, 386 F.3d 829, 834 (7th Cir. 2004), as amended (Nov. 16, 2004), abrogated on other grounds by *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007) ( "[W]here there is no evidence of disclosure to a third party, the plaintiff cannot establish the existence of a consumer report.").

### C. Plaintiff Fails to Allege Actual Damages.

Even if Chex reported inaccurate information, which it did not, Plaintiff's FCRA claim still fails. To maintain his claim, Plaintiff must allege he suffered actual damages and that those damages were caused by an alleged inaccuracy on a report prepared by Chex. *See Sarver v. Experian Info. Sols., Inc.*, 299 F. Supp. 2d 875, 876 (N.D. Ill. 2004). Here, again there are no allegations that Chex prepared a report – Plaintiff only attaches correspondence addressed to him and not a third party. Plaintiff also appears to attribute his damages, if he sustained any, to the actions of BANA – not Chex. Plaintiff has not alleged an actionable injury caused by Chex under the FCRA. Accordingly, Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Chex respectfully requests that this Court enter an order dismissing the Complaint with prejudice, and for such other relief this Court finds just and equitable.

Dated: June 21, 2023

Respectfully submitted,

*/s/ Tevin L. Hopkins*
Tevin L. Hopkins
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
T: (312) 750-8602
thopkins@mcguirewoods.com
Firm ID: 40426

*Counsel for Defendant Chex Systems, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served the foregoing electronically upon the following:

Ruben Ornelas
1670 Forest View Way
Antioch, Illinois 60002
Rdornelas21@gmail.com

*Pro se Plaintiff*

*/s/ Tevin L. Hopkins*
Tevin L. Hopkins